UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAHE JAMALINIA, *et al.*, | Case No. 2:24-cv-0981-JDP |
| Plaintiffs, | |
| v. | ORDER |
| MARCO RUBIO, *et al.*, | |
| Defendants. | |

Plaintiffs Elahe Jamalinia and Mehrdad Moshtaghi, husband and wife, bring this action against Marco Rubio, in his official capacity as U.S. Secretary of State, and Robert Jachim, in his official capacity as Acting Director of Screening, Analysis, and Coordination, for unreasonably delaying adjudication of plaintiffs' immigrant visa applications.[1] The court finds that there has been no unreasonable delay in adjudicating plaintiffs' visa application and thus will grant defendants' motion.

---

[1] Defendants Rubio and Jachim were automatically substituted for Anthony Blinken and Carson Wu, respectively, under Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d); ECF No. 17 (for defendant Jachim).

1

# Background

**I.     Statutory and Regulatory Framework**

The Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, authorizes the issuance of three broad categories of visas: family-based, employment-based, and diversity. 8 U.S.C. § 1151(a). Relevant here are EB-2 visas, a subcategory of employment-based visas, which permit noncitizens with "extraordinary ability in the sciences, arts, education, business, or athletics which has been demonstrated by sustained national or international acclaim and whose achievements have been recognized in the field through extensive documentation . . . to enter the United States to continue work in the area of extraordinary ability." 8 U.S.C. § 1153(b)(1)(A). In order to obtain an employment-based visa, applicants submit Form I-140, Immigrant Petition for Alien Worker, to the United States Citizenship and Immigration Services ("USCIS"). *See id.* §§ 1153(b), 1154; 8 C.F.R. § 204.5. If the application is approved, USCIS sends the petition to the National Visa Center ("NVC"), which contacts the noncitizen beneficiaries to collect all necessary documents and fees. 8 U.S.C. § 1202; 8 C.F.R. §§ 204.1(a), 204.2(d). Once the NVC deems the petition "documentarily complete," and subject to availability, the NVC schedules the applicant for an interview with a consular officer at a U. S. embassy or consulate. *See* 8 U.S.C. §§ 1201(a)(1), 1202; 22 C.F.R. §§ 42.62, 42.63, 42.65. At the interview, the consular officer directs the applicant to submit either a Form DS-230 or Form DS-260. *See* 22 C.F.R. § 42.63(a). Following the interview, the consular officer must either issue the visa or refuse it under applicable law. 8 U.S.C. §§ 1201(g), 1361; 22 C.F.R. §§ 42.71, 42.81(a).

The consular officer "may require the submission of additional information or question the alien on any relevant matter whenever the officer believes that the information provided . . . is inadequate to determine the alien's eligibility to receive an immigrant visa." 22 C.F.R. § 42.63(c). Such information may be provided through Form DS-5535, Supplemental Questions for Visa Applicants. *See* 60-Day Notice of Proposed Information Collection: Supplemental Questions for Visa Applicants, 88 Fed. Reg. 65,418 (Sept. 22, 2023). Any additional material submitted is "considered part of the immigrant visa application." 22 C.F.R. § 42.63(c). If the

2

1 applicant produces additional evidence "tending to overcome the ground of ineligibility on which
2 the refusal was based, the case shall be reconsidered." *Id.* § 42.81(e).

### II. Factual Allegations

Plaintiffs live in Sacramento, California and hold dual nationality of the Netherlands and Iran. ECF No. 1 at 17. Plaintiff Jamalinia is an Earth Observation Scientist with a Ph.D in Geo-Engineering. *Id.* at 7. Plaintiff Moshtaghi is Jamalinia's spouse and derivative beneficiary. *Id.* Jamalinia applied for an EB-2 visa, under 8 U.S.C. § 1153(b)(1)(A). *Id.* Jamalinia received an approved I-140 NIW EB-2 petition (Case Number: AMS2023528001) and submitted a DS-260 immigrant visa application with NVC on March 6, 2023. *Id.* at 17-18. On December 19, 2023 plaintiffs attended an immigration visa interview in Amsterdam, but the consular officer refused their application under § 221(g). *Id.* at 18. The consular officer asked plaintiffs to complete a Form DS-5535, which they did on December 20, 2023. *Id.*

Despite plaintiffs' timely DS-5535 responses, their applications have remained pending administrative processing since December 20, 2023. *Id.* at 3. Plaintiffs allege that the delays in adjudicating their visa applications have resulted in "financial instability." *Id.* at 19. Plaintiffs bring two causes of actions derived from this delay. The first seeks a writ of mandamus to compel defendants to act upon plaintiffs' visa application within a reasonable time pursuant to INA and federal regulations. *Id.* at 20-22. The second seeks to have the court enforce the Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b), because defendants have unreasonably delayed their visa applications. *Id.* at 22-24.

### Legal Standards

#### A. Motion to Dismiss

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads factual content

1  that allows the court to draw the reasonable inference that the defendant is liable for the
2  misconduct alleged." *Iqbal*, 556 U.S. at 678.
3        The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
4  U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
5  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
6  would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
7  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
8  of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
9  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).
10        **B. Motion for Summary Judgment**
11        Summary judgment is appropriate where there is "no genuine dispute as to any material
12  fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington*
13  *Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine
14  only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party,
15  while a fact is material if it "might affect the outcome of the suit under the governing law."
16  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computs., Inc.*, 818
17  F.2d 1422, 1436 (9th Cir. 1987).
18        Rule 56 allows a court to grant summary adjudication, also known as partial summary
19  judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim.
20  *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule
21  56 authorizes a summary adjudication that will often fall short of a final determination, even of a
22  single claim . . . .") (internal quotation marks and citation omitted). The same standards apply to
23  both a motion for summary judgment and a motion for summary adjudication. *See* Fed. R. Civ.
24  P. 56(a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).
25        Each party's position must be supported by (1) citations to particular portions of materials
26  in the record, including but not limited to depositions, documents, declarations, or discovery; or
27  (2) argument showing either that the materials cited do not establish the presence or absence of a
28  genuine factual dispute or that the opposing party cannot produce admissible evidence to support

1  its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider
2  materials in the record not cited by the parties, but it is not required to do so. *See* Fed. R. Civ. P.
3  56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see*
4  *also Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

5  "The moving party initially bears the burden of proving the absence of a genuine issue of
6  material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the
7  moving party must either produce evidence negating an essential element of the nonmoving
8  party's claim or defense or show that the nonmoving party does not have enough evidence of an
9  essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins.*
10 *Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this
11 initial burden, the burden then shifts to the non-moving party "to designate specific facts
12 demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d
13 376, 387 (9th Cir. 2010) (citing *Celotex Corp.*, 477 U.S. at 323). The nonmoving party must
14 "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson*, 477 U.S. at
15 252). However, the non-moving party is not required to establish a material issue of fact
16 conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a
17 jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc.*
18 *v. Pac. Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

19 The court must apply standards consistent with Rule 56 to determine whether the moving
20 party has demonstrated there to be no genuine issue of material fact and that judgment is
21 appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).
22 "[A] court ruling on a motion for summary judgment may not engage in credibility
23 determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir.
24 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the
25 nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party.
26 *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*,
27 198 F.3d 1130, 1134 (9th Cir. 2000).

28

1  **Analysis**

2  Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6), or, in the
3  alternative, for summary judgment under to Federal Rule of Civil Procedure 56. ECF No. 8.
4  Defendants seek dismissal for three main reasons. First, defendants argue that the doctrine of
5  consular nonreviewability precludes judicial review of a U. S. consular official's decision to
6  refuse a visa application of a noncitizen. *Id.* at 8. Second, defendants argue that they do not owe
7  plaintiffs a nondiscretionary duty to reconsider, within a specific timeframe, whether the refusal
8  of their visa application can be overcome. *Id.* at 11. And, finally, defendants argue that the four-
9  month delay plaintiffs have experienced is not unreasonable under the TRAC factors. *Id.* at 13.

10  Plaintiffs argue that the doctrine of consular nonreviewability does not preclude judicial
11  review of this action because plaintiffs' visa application has not been finally adjudicated. ECF
12  No. 10 at 25. Plaintiffs next argue that they have properly alleged each element to support a
13  claim for mandamus. *Id.* at 34. Lastly, plaintiffs assert that their APA claim is justiciable and
14  that while it is premature to assess whether the delay is unreasonable, should the court consider
15  the merits of the delay under the TRAC factors, that they have stated a valid claim. *Id.* at 55.

16  **A. Doctrine of Consular Nonreviewability**

17  The Ninth Circuit has recognized that "ordinarily, a consular official's decision to deny a
18  visa to a foreigner is not subject to judicial review." *Allen v. Milas*, 896 F.3d 1094, 1104 (9th Cir.
19  2018). However, courts in this district and others have held that the doctrine does not apply
20  where plaintiffs seek a final decision on their visa applications rather than judicial review of a
21  consular decision. *See Abbassi v. Gaudiosi*, No. 1:23-CV-01573-CDB, 2024 WL 1995246, at *4
22  (E.D. Cal. May 6, 2024) (citing cases); *Mohamed v. Pompeo*, No. 1:19-cv-01345-LJO-SKO, 2019
23  WL 4734927, at *2 (E.D. Cal. Sept. 27, 2019).

24  Accepting all allegations as true, the denial of plaintiffs' visa application under INA
25  § 221(g) is not a final decision. *See Kiani v. Blinken*, No. CV 23-5069-GW-JCX, 2024 WL
26  658961, at *5 (C.D. Cal. Jan. 4, 2024); *Gonzalez v. Baran*, No. 2:21-CV-05902-CAS-ASX, 2022
27  WL 1843148, at *3 (C.D. Cal. Jan. 11, 2022) ("[T]he 'administrative processing' designation
28  [under § 221(g) is] insufficient to constitute a refusal"). In the absence of Ninth Circuit precedent

6

to the contraray, the court finds that the doctrine of consular nonreviewability does not bar plaintiffs' claims. *See Abbassi*, 2024 WL 1995246, at *4 (agreeing with the "prevailing position among most other district courts" that the doctrine does not bar review of a visa application in administrative processing); *Iqbal v. Blinken*, No. 2:23-CV-1299-KJM-CSK, 2024 WL 3904959, at *7, 2024 U.S. Dist. LEXIS 151121 (E.D. Cal. Aug. 22, 2024) ("The court joins with the courts that have found the refusal of a visa application for administrative processing does not constitute a final decision.").

### B. APA and Mandamus Act

The INA does not set a deadline for consular officers to review and adjudicate visa applications, however, under the APA, defendants have a duty to act within a reasonable time. *See* 5 U.S.C. § 555. "[T]he APA and related case law provide 'law to apply' in determining whether defendants have failed to act within a reasonable time." *Khan v. Johnson*, 65 F. Supp. 3d 918, 926 (C.D. Cal. 2014). "[F]ederal courts routinely assess the 'reasonableness' of the pace of agency action under the APA." *Id.* (citation omitted). Under the APA, the reviewing court must "compel agency action . . . unreasonably delayed[.]" 5 U.S.C. § 706(1). "A court can compel agency action under this section only if there is a specific, unequivocal command placed on the agency to take a discrete agency action, and the agency has failed to take that action." *Vietnam Veterans of Am. v. Cent. Intel. Agency*, 811 F.3d 1068, 1075 (9th Cir. 2016) (internal marks and citation omitted). "The agency action must be pursuant to a legal obligation 'so clearly set forth that it could traditionally have been enforced through a writ of mandamus.'" *Id.* at 1075-76 (citation omitted).

The Mandamus Act "provides district courts with mandamus power 'to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'" *Indep. Min. Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997) (quoting 28 U.S.C. § 1361). "Although the exact interplay between these two statutory schemes has not been thoroughly examined by the courts, the Supreme Court has construed a claim seeking mandamus under the [Mandamus Act] 'in essence,' as one for relief under § 706 of the APA." *Id.* (quoting *Japan Whaling Ass'n v. Am. Cetacean Society*, 478 U.S. 221, 230 n.4 (1986)). "Because the relief

7

sought is essentially the same, in the form of mandamus," the court analyzes the sufficiency of the complaint under the APA.  *Id.*

In determining whether an agency action has been unreasonably delayed, courts consider the six "TRAC" factors:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*In re Nat. Res. Def. Council, Inc.*, 956 F.3d 1134, 1138-39 (9th Cir. 2020) (*quoting Telecomms. Research and Action Ctr. (TRAC) v. FCC*, 750 F.2d 70, 79-80 (D.C. Cir. 1984)).

Although not determinative, the first factor, "rule of reason," is the most important.  *In re A Cmty. Voice*, 878 F.3d 779, 786 (9th Cir. 2017).  Courts examine the length of delay and reason for the delay to determine "whether there is any rhyme or reason for the Government's delay—in other words, whether the agency's response time . . . is governed by an identifiable rationale." *Poursohi v. Blinken*, No. 21-01960, 2021 WL 5331446, at *4 (N.D. Cal. Nov. 16, 2021) (internal marks and citation omitted).  Where Congress has not supplied a period for agency action, courts look to case law in assessing whether the agency's action is unreasonably delayed.  *See Sarlak v. Pompeo*, No. CV 20-35 (BAH), 2020 WL 3082018, at *6 (D.D.C. June 10, 2020) ("Absent a congressionally supplied yardstick, courts typically turn to case law as a guide.").

In plaintiffs' case, approximately four months elapsed between the last government action (when the consular officer refused plaintiffs visa application with the administrative processing designation on December 19, 2023) and the filing of the complaint on April 1, 2024. ECF 1. "[I]n the immigration context, district courts have generally found delays of less than four years are not unreasonable." *Iqbal v. Blinken*, No. 2:23-CV-01299-KJM-CSK, 2024 WL 3904959, at *10 (E.D. Cal. Aug. 22, 2024) (collecting cases).  This delay in this case is relatively short in the

8

context of visa application processing delays, and is not considered unreasonable. *See Ali v. Ordeman*, No. 2:23-CV-02822 CKD, 2024 WL 2274912, at *6 (E.D. Cal. May 20, 2024); *Dastagir v. Blinken*, 557 F. Supp. 3d 160, 162 (D.D.C. 2021) (delay of 29 months at the point of filing suit after being placed in "administrative processing" following consular interview was not unreasonable). Thefirst factor thus weighs in defendants' favor.

For the second TRAC factor, the court considers whether "Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute[.]" *In re Nat. Res. Def. Council, Inc.*, 956 F.3d at 1138. Congress has not provided a timetable for processing immigration visa applications. *Cf.* 8 U.S.C. § 1158(d)(5)(A)(ii) (another provision of the INA requiring interviews to "commence not later than 45 days after the date an application is filed" for asylum cases). Rather, "Congress has given the State Department and other agencies wide discretion in the area of immigration processing." *Milligan v. Pompeo*, 502 F. Supp. 3d 302, 318 (D.D.C. 2020) (internal marks and citation omitted). Here, there is no statutorily mandated timeline for the Department to process plaintiffs' visa case. *See Dastagir*, 557 F. Supp. 3d at 166 (noting that there is "no statutory or regulatory timeframe" for processing immediate family immigrant visa applications). Therefore, this factor is neutral. *See Poursohi*, 2021 WL 5331446, at *9 ("[T]he absence of a mandatory timetable for adjudication of Plaintiffs' Application combined with the fact that the delay comports with the rule of reason, the second TRAC factor also weighs in Defendant's favor or is at least neutral.").

"The third and fifth factors overlap, requiring the court to consider whether human health and welfare are at stake, and the nature and extent of the interests prejudiced by the delay." *Poursohi*, 2021 WL 5331446, at *9. Plaintiffs argue that the delay has caused financial instability and disrupted Jamalinia's career progression. ECF No. 10 at 50-51. "[F]inancial harms . . . , along with the uncertainty that results any time an individual must continue to wait to secure a benefit, are insufficient to tip TRAC factors three and five in [plaintiffs'] favor." *Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 345 (D.C. Cir. 2023); *see also Sharifymoghaddam v. Blinken*, No. 23-CV-1472-RCL, 2024 WL 939991, at *6 (D.D.C. Mar. 5, 2024) (recognizing impact of delay on plaintiffs' career progression, but nevertheless concluding factors three and

9

1  five are "only slightly beneficial to plaintiffs" because "the alleged adverse effects are relatively
2  minor compared to other employment visa applicants").  Therefore, this factor is only slightly
3  beneficial to plaintiffs.

4  Under the fourth TRAC factor, the court considers the effect of expediting the
5  adjudication of plaintiffs' applications on other agency action of higher or competing priority.
6  *Kapoor v. Blinken*, No. 21-CV-01961-BLF, 2022 WL 181217, at *8 (N.D. Cal. Jan. 20, 2022).
7  This factor favors the defendants; plaintiffs are not alone in their circumstances, and ordering
8  defendants to prioritize their application only further delays the resolution of other applications.
9  *Ali*, 2024 WL 2274912, at *6, *Throw v. Mayorkas*, No. 3:22-CV-05699-DGE, 2023 WL 2787222,
10 at *5 (W.D. Wash. Apr. 5, 2023) (noting many families face delays and ordering the State
11 Department to schedule the beneficiary plaintiff's interview would not ameliorate the situation);
12 *Jain v. Renaud*, No. 21-CV-03115-VKD, 2021 WL 2458356, at *6 (N.D. Cal. June 16, 2021)
13 ("Most courts have found that the fourth TRAC factor weighs heavily in the agency's favor when
14 a judicial order putting plaintiffs at the head of the line would simply move all others back one
15 space and produce no net gain.").  The fourth factor weighs in favor of defendants.

16 Under the sixth TRAC factor, where a plaintiff has not made cognizable allegations of
17 impropriety, "courts in the Ninth Circuit have found this factor to either weigh in the
18 government's favor or to be neutral." *Poursohi*, 2021 WL 5331446, at *11.  Plaintiffs have set
19 forth no such allegations, and the sixth TRAC factor weighs neutrally.

20 After considering the TRAC factors, the court finds that plaintiffs' unreasonable delay
21 claims must fail.  Even assuming that the allegations of the complaint are sufficient to satisfy
22 factors three and five, the alleged delay cannot as a matter of law be considered unreasonable at
23 this time.  Plaintiffs' circumstances are not uncommon, and courts in this circuit faced with facts
24 similar to those in this case—visa delays measuring under two years while placed in
25 administrative processing—have consistently held that the lawsuits fail under the TRAC factors.
26 *Ali*, 2024 WL 2274912 at *7 (14-month delay), *Morales v. Mayorkas*, 23-cv-1758 BEN-MSB,
27 2024 WL 2884554 (S.D. Cal. June 7, 2024) (17-month delay); *Abassi v. Gaudiosi*, 1:23-cv-
28

01573-CDB, 2024 WL 1995246 (E.D. Cal. May 6, 2024) (12-month delay); *Tenorio v. Bitter*, No. 23-cv-1581-KK-SHKX, 2024 WL 2873754 (C.D. Cal. May 1, 2024) (17-month delay).

As set forth above, a claim seeking mandamus under the Mandamus Act closely resembles one for relief under § 706 of the APA. *Japan Whaling Ass'n*, 478 U.S. at 230 n.4. Because an adequate remedy exists under the APA, the court has analyzed plaintiffs' claim of delay under the APA only. *See Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022). For the reasons set forth above, the court also grants defendants' motion as to the Mandamus Act claim.

Accordingly, it is hereby ORDERED that:

1. Defendant's motion to dismiss and for summary judgment, ECF No. 8, is GRANTED.
2. Judgment is entered in defendants' favor.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: March 6, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE